THIS OPINION
 HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Cynthia A.
 Tompkins, Appellant,
 
 
 

v.

 
 
 
 South Carolina
 Employment Security Commission and Self Regional Healthcare, Respondents.
 
 
 

Appeal From Greenwood County
D. Garrison Hill, Circuit Court Judge

Unpublished Opinion No.  2011-UP-478  
 Heard September 15, 2011  Filed October
26, 2011

AFFIRMED

 
 
 
 James Adam Russell, of Greenwood, for
 Appellant.
 Harold W. Funderburk, Jr., of Columbia, and
 Jennifer K. Dunlap, of Charleston, for Respondents.
 
 
 

PER CURIAM: In
 this action for unemployment benefits, Cynthia Tompkins argues the circuit
 court erred in finding substantial evidence supported the South Carolina
 Employment Security Commission's (Commission) finding that she violated a Self
 Regional Healthcare (Self) policy.  In the alternative, if the Commission's findings
 of fact were supported by substantial evidence, Tompkins argues the circuit
 court erred in affirming the Commission's holding that Self discharged Tompkins
 for cause, disqualifying her from receiving unemployment benefits.  We affirm pursuant to Rule 220(b)(1), SCACR,
 and the following authority:
1.  As to the Commission's finding
 that Tompkins was ultimately responsible for a patient's missing chart, we find
 there is substantial evidence in the record to support the Commission's
 decision.  See Bartley v. Allendale Cnty. Sch. Dist.,
 392 S.C. 300, 306, 709 S.E.2d 619, 622 (2011) ("As a general rule, this
 Court must affirm the findings of fact made by the Commission if they are
 supported by substantial evidence."); Id. ("The possibility of
 drawing two inconsistent conclusions from the evidence does not prevent the
 Commission's finding from being supported by substantial evidence."); McEachern
 v. S.C. Emp't Sec. Comm'n, 370 S.C. 553, 557, 635 S.E.2d 644, 646-47 (Ct.
 App. 2006) (finding the Commission is an agency governed by the Administrative
 Procedures Act whose decision will be upheld unless it is clearly erroneous in
 view of the reliable, probative, and substantial evidence in the record on
 appeal).  
2.  As to whether the circuit court
 erred in affirming the Commission's holding that Self discharged Tompkins for
 cause, we find there is substantial evidence to support the Commission's
 decision.  See Mickens v. Southland Exch.-Joint Venture, 305 S.C.
 127, 130, 406 S.E.2d 363, 365 (1991) (holding that in determining a violation
 of the standard of behavior an employer can rightfully expect from an employee,
 "where the employer's request is reasonable, a refusal to comply
 will constitute misconduct, justifying a discharge for cause"); Bartley,
 392 S.C. at 306, 709 S.E.2d at 622 ("As a general rule, this Court must
 affirm the findings of fact made by the Commission if they are supported by
 substantial evidence."). 
AFFIRMED.
HUFF, PIEPER, and LOCKEMY, JJ., concur.